**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2052
_____

UNITED STATES OF AMERICA

v.

ANDRE W. SIZEMORE,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 12-cr-00233-001)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
October 9, 2015
_____

Before: FUENTES, SMITH and BARRY, Circuit Judges

(Opinion Filed: November 12, 2015)
_____

OPINION[*]
_____


BARRY, Circuit Judge

        Andre   W.   Sizemore   appeals   his   conviction   and   92-month   sentence   of

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

imprisonment for possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). His attorney has moved to withdraw under Anders v. California, 386 U.S. 738 (1967). For the following reasons, we will grant the motion to withdraw and affirm the judgment of the District Court.

I.

In June 2012, Sizemore was arrested in Pittsburgh on an outstanding warrant. At the time of his arrest, he was found to be carrying a stolen, loaded, .45 caliber Rock Island Armory handgun. He was subsequently charged with being a felon-in-possession of a firearm and ammunition, in violation of § 922(g)(1). After requesting and receiving a preliminary pre-sentence investigation report ("PSR") determining his criminal history, and upon confirmation from the government that it would not seek to impose penalties under the Armed Career Criminal Act, Sizemore entered an open guilty plea on November 26, 2013.

The final PSR calculated Sizemore's Guidelines range to be 92 to 115 months, based on a criminal history category of VI and a total offense level of 23, which included a two-level enhancement because the firearm was stolen. See U.S.S.G. § 2K2.1(b)(4)(A). At sentencing, Sizemore objected to the two-level enhancement because, he argued, he had not known that the firearm was stolen. Defense counsel acknowledged that the Guidelines' official commentary states that the subsection applies "regardless of whether the defendant knew or had reason to believe that the firearm was stolen." See § 2K2.1 cmt. n.8(B). Nevertheless, counsel asked the court "to overrule the application of the

enhancement on the basis of fundamental fairness." (App. 58.)

The District Court rejected Sizemore's objection to the enhancement and sentenced him to 92 months' imprisonment, the bottom of the Guidelines range. Prior to imposing sentence, the Court heard testimony from five witnesses—family and friends of Sizemore—on his behalf. Sizemore also addressed the Court, and the Court questioned him at some length about his mental health condition and his goals. After imposing its sentence, the Court provided a detailed explanation of its reasons, addressing each of the factors of 18 U.S.C. § 3553(a).

## II.[1]

Under Anders v. California, an attorney who has concluded, after a "conscientious examination" of the record, that his client's appeal is "wholly frivolous" may so advise the court and request permission to withdraw. 386 U.S. at 744. Such request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. When counsel submits an Anders brief, we must assess "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

In this case, counsel's Anders brief reflects a conscientious examination of the record and identifies only one potential issue for appeal: whether Sizemore's sentence is procedurally and substantively reasonable. Our independent review of the record

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

3

confirms that such an appeal would be "wholly frivolous," and we find no other nonfrivolous issues. The District Court conducted an exemplary sentencing proceeding, and there is nothing from which we could conclude that its sentence was procedurally or substantively unreasonable. Any potential challenge to the lack of a scienter requirement in § 2K2.1(b)(4) is foreclosed by binding precedent of our Court. See United States v. Mobley, 956 F.2d 450 (3d Cir. 1992) (rejecting statutory and constitutional challenges to the lack of a scienter requirement in § 2K2.1(b)(4)). Other Courts of Appeals are in accord. See United States v. Taylor, 659 F.3d 339, 343-44 (4th Cir. 2011) (collecting cases and observing that "[i]t is . . . unsurprising that every circuit to have considered a challenge to the sentencing enhancement in section 2K2.1(b)(4)(A) has upheld the guideline").

In his pro se briefs and motion for appointment of new counsel, Sizemore argues that we should appoint counsel to permit him to litigate his claim that he is "actually innocent" of "all the charges." He does not, however, assert any claim of factual innocence. Instead, he raises various issues challenging the authority and jurisdiction of the District Court, none of which has merit.[2]

---

[2] Indeed, several of the issues raised by Sizemore bear no relation to the facts of his case. For example, he raises the issues of whether the District Court has the power to imprison him "and not give him notice at any time that he was being held in contempt," and whether he can remain imprisoned "without any order of the district court directing that he remain imprison[ed] . . . until his criminal fine is paid." (Pro Se Reply Br. at 7.) There is no evidence in the record, however, that Sizemore was ever held in contempt or subject to a criminal fine.

III.

We will grant counsel's motion to withdraw and affirm the judgment of the District Court.